**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No: 15-21872 |
| | ) | |
| Sean R. Norcutt | ) | |
| Debtor. | ) | **Chapter 13** |
| | ) | |

## CHAPTER 13 PLAN

[X]  Original
[ ]  Provision _____ is/are modified from the Trustee Standard Plan

## PLAN PAYMENTS

1. Debtor(s) will make payments in the amount of **$3,000 monthly,** beginning **July 2015. Payments will be made by debtor to the Trustee.**

2. Debtor(s) estimate the Plan length of **60** months. **The Plan payment will commence not later than 30 days from the date the voluntary petition was filed.**

3. **Debtor(s) will pay all statutory adequate protection payments thru the Trustee office.** As such, provided the Debtor(s) begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.

4. Debtor(s) will turnover copies of federal and state tax returns each year of the Plan to the Trustee.

5. In the event Debtor combined net state and federal income tax refunds exceeds $750.00 (each year) the amount of net tax refunds will be turned over to the Trustee.

6. To meet the best interests of creditors test, the means test and/or the disposable income test, the Class Nine General Unsecured Creditors will receive no less than **$-0-.**

1.  DISBURSEMENTS BY TRUSTEE

    **A. CLASS ONE-ADMINISTRATIVE EXPENSES:**

        a. *Trustee fees* as determined by statute.
        b. *Attorney fees and costs:* Attorneys fees will be paid after Class Two, Four and Five monthly payments are post petition current.
        [X] An agreed fee of **$  3,400.00**    less amounts paid as disclosed in the Rule 2016(b)Statement, leaving a balance due of **$2,200.00** plus costs advanced in the amount of **$  0.00**    totals due and owing **$ 2,200.00**
        [ X ] Attorney's fees to be applied for and approved by the Court.

**B. CLASS TWO-CONTINUING CLAIMS**: Those secured claims on which the last payment is due beyond the length of the Plan [11U.S.C. §1322(b)(5)]. Trustee shall commence payments as of the date of the filing of the petition unless proof of claim provides for a later date. To the extent such claims are non-modifiable pursuant to 11U.S.C. §1322(b)(2), the Trustee shall adjust the monthly payment to such creditors after notification by the mortgage holder. This class will be paid their monthly payment pro-rata with the Class Four secured claims.

| CREDITOR | ADDRESS OF COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| Chase Mortgage | 22 Carnation Street, Dyer IN | $1,366.01 |

**C. CLASS THREE - PRE PETITION ARREARAGE ON CONTINUING CLAIMS §11 U.S.C. §1322(B)(5)**: To the extent the claim and Plan conflict, the Trustee shall pay the allowed Proof of Claim. This class will be paid pro-rata after Classes One, Two, Four and Five.

| CREDITOR/COLLATERAL | ADDRESS OF COLLATERAL | ARREARS AMOUNT |
|---|---|---|
| Chase Mortgage | 22 Carnation Street, Dyer IN | $9,562.07 |
| Harley Davidson Credit | 2013 Harley Davidson | $3,167.84 |
| Capital One Retail Service | 4Wheeler and Dirt Bike | $1,261.00 |

**D. CLASS FOUR - SECURED CLAIMS SUBJECT TO CRAM DOWN:** (1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

Class Four creditors shall be paid the replacement value of their collateral, retain their liens until discharge and shall be paid a monthly payment pro-rata upon confirmation with the Class Two continuing claims and Class Five secured claims. To the extent that the proof of claim filed and confirmed Plan conflict, the Trustee shall pay the claim pursuant to the Plan provisions with the remaining amount under the claim treated as a Class Nine Unsecured Claim.

| CREDITOR | VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|

**FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, PAYMENT AND % RATE**

2

**(1) Pre-Confirmation Adequate Protection Payments.** Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| None | | |

**(2) Secured Claims not subject to Cram Down Plan Payments:** Class Five creditors shall be paid the principal amount of their claim, estimated below, retain their liens until discharge and shall be paid a monthly payment pro-rata upon confirmation with the Class Two and Class Four continuing claims.

| CREDITOR | EST BALANCE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|
| Capital One Retail Service | $4,404.37 | 5.99% | $133.97 |

*FAILURE TO TIMELY OBJECT TO THE ESTIMATED BALANCE IN CLASS FIVE (A) IS NOT DEEMED ACCEPTANCE OF THAT VALUE AS THE TRUSTEE WILL PAY THE CLAIM AS FILED AND ALLOWED*

(3) Secured Debts Which Will Not Extend Beyond the Length of the Plan (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Secured Claim | Interest Rate | Monthly Payment |
|---|---|---|---|
| Capital One Retail Service | $4,404.37 | 5.99% | $133.97 |
| Harley Davidson Credit | $21,103.81 | 5.75% | $344.67 |

**F. CLASS SIX- SECURED CLAIMS:**
The Allowed secured claim Chase Mortgage be paid, together with any 11 USC 506(a) claims (including post-petition interest at the contract rate per annum; and other advances). The secured claim of estimated to be $148,911.25 secured by the property the Dyer Indiana property valued at $170,900.00. The actual amount of this claim will be as per the Allowed secured claim of credito

3

**G. CLASS SEVEN- SECURED CREDITORS-LIEN AVOIDED:** Class Six creditors were secured at one time, but because of the rationale given below, upon confirmation the lien is avoided, the claim becomes WHOLLY UNSECURED and paid as a Class Nine General Unsecured Claim.

**NONE**

**LEGAL DESCRIPTION OF PROPERTY:**

**1. JUDICIAL LIENS-**To the extent that the judicial liens impair the exemptions to which the Debtor is entitled, the following lien holders are notified that upon discharge, all of the judicial liens below are voided pursuant to 11 U.S.C. §522(f)(1)(A) and such creditors shall not have a secured claim against the estate, but instead, shall only have a Class Nine unsecured claim which must be timely filed to be allowed.

| Court | Cause No. | Lien Holder | Date of Judgment | Amount |
|-------|-----------|-------------|------------------|--------|
| NONE |  |  |  |  |

**2. NON-PURCHASE MONEY LIENS-**To the extent that non-purchase money liens impair the exemptions to which the Debtor is entitled, the following lien holders are notified that upon discharge, all of the lien holders listed below are voided claim against the estate, but instead, shall only have a Class Nine unsecured claim which must be timely filed to be allowed:

| Lien Holder | Acct. No. | Collateral | Type of Acct. | Amount |
|-------------|-----------|------------|---------------|--------|
| NONE |  |  |  |  |

**3. STRIPPED AND VOIDED LIENS-**To the extent that the value of the Creditor's interest in the collateral is $0.00, the secured status of the claim of the creditor below, shall be, upon discharge, completely stripped away by §506(a), voided by §506(f) and, pursuant to §1327(c), the Debtor's property shall be free and clear of all said pre-petition liens listed below and said creditors shall only have a Class Nine unsecured claim which must be timely filed to be allowed:

| Lien Holder | City/court County Recorded | Cause or Mortgage Acct/Mortgage Number | Judgment Date | Judgment Amount |
|-------------|-------------|------------|---------------|-----------------|
| NONE |  |  |  |  |

**H.    CLASS EIGHT-PRIORITY UNSECURED CLAIMS §11 U.S.C. §1322(A)(2):**  All allowed priority claims entitled to priority under §11 U.S.C. 507 shall be paid in full during the Plan. This class will be paid pro-rata after Class Three Secured Claims are paid in full.

| Creditor | Estimated Amount |
|----------|------------------|
| **Illinois Department of Revenue (2013)** | **$163.00** |
| **Indiana Department of Revenue (2014)** | **$1,138.00** |
| **Debi Stout (Child Support)** | **$27,000.00** |

4

**I. CLASS NINE-SPECIAL UNSECURED CLAIMS:** Class Eight claims shall be paid in full and concurrently with Class Seven Priority Unsecured Claims:

| Creditor | Amount | Reason for Special Treatment |
|---|---|---|

**J. CLASS TEN-GENERAL UNSECURED CLAIMS:** General unsecured claims shall be paid pro-rata, with no interest if the creditor has no Co-Obligors, provided that where the amount or balance of any unsecured claim is less then $10.00 and maybe paid in full.

(a)    **PAYMENTS DIRECTLY BY DEBTOR TO CREDITORS**             **None**

EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES [11 U.S.C. §1322(b)(7) and 11 U.S.C.§365] Debtor is not aware of any executory contracts and or expired leases, but may file subsequent motion to assume or reject.

4.    **PROPERTY SURRENDERED**

**A. SURRENDER OF COLLATERAL.** The Debtor will surrender debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors. After surrender of the collateral such creditor's deficiency, if any, after liquidation of the collateral, will be paid as an unsecured claim under the provisions for general unsecured creditors if such creditor amends its secured claim to an unsecured claim for such deficiency. Upon the entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362(d). If the property is not subject to 1325(a)(9), the creditor may file a deficiency claim after sale, which if allowed would be treated as a Class Nine General Unsecured Claims as above.

**CREDITOR**                    **COLLATERAL**
None

## 5. GENERAL PROVISIONS

A. **Vesting, Possession of Estate Property and Lien Retention:** Upon confirmation of the Plan, all property listed in the Debtor's schedules will vest in the debtor [11U.S.C.§1327(b)]. The debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11U.S.C.§1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

B. **Debtor's Causes of Action:** Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtor.

C. **Surrender of Abandonment of Collateral:** Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D. **Prohibition against Incurring Post-Petition Debt:** While this case is pending, the debtor will not incur debt without first obtaining approval from the Court or the Trustee.

E. **Proof of Claims Required for Distribution:** To receive distributions from the trustee under this Plan **all creditors, including holders of secured claims,** must file a proof of claim with the bankruptcy court.

F. **Debtor Duty to Maintain Insurance:** Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.

G. **Entry of Orders Lifting Stay:** Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

H. **Secured Claims** will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim-whichever is less.

I. **It is the Debtor's intent to provide for every claim** unless specifically stated otherwise. Unless the claim is set forth specifically in this Plan as a secured claim, the Debtor purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this Plan's treatment of the Claim as provided herein.

**Dated:**

6/15/15

**SEAN R. NORCUTT, DEBTOR**